[904 NYS2d 912]

In the Matter of JANICE L. JESSUP (Admitted as JANICE LORRAINE JESSUP), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough,* Westbury (*Chris G. McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent indicates that her resignation is submitted voluntarily after consulting with her attorney. She avers that she has not been subjected to any coercion or duress and is fully aware of the implications of submitting a resignation. The respondent acknowledges that the verified petition dated November 12, 2008, contains 13 charges of professional misconduct including making false statements of law or fact, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, handling a legal matter without adequate preparation, engaging in conduct adversely reflecting on her fitness as a lawyer, and engaging in an impermissible conflict of interest. The supplemental petition contains two additional charges: engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice.

The respondent acknowledges her inability to successfully defend herself on the merits of the charges. She is fully aware of the implications of submitting her resignation, including being barred by Judiciary Law § 90 and the Rules of this Court from seeking reinstatement for at least seven years.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Commit-

tee) for an order directing restitution and reimbursement to the Lawyers' Fund, pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the respondent's resignation as being in the best interests of the public.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law. The pending disciplinary proceeding previously authorized by this Court is discontinued in light of the proffered resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the resignation of Janice L. Jessup, admitted as Janice Lorraine Jessup, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Janice L. Jessup, admitted as Janice Lorraine Jessup, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Janice L. Jessup, admitted as Janice Lorraine Jessup, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Janice L. Jessup, admitted as Janice Lorraine Jessup, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Janice L. Jessup, admitted as Janice Lorraine Jessup, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated February 6, 2009 is discontinued.